UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Lamont E. McCord, #33071-183, | ) | C/A No.  4:21-3285-MGL-TER |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | |
| | ) | |
| Warden F.C.I. Williamsburg, | ) | Report and Recommendation |
| | ) | |
| Respondent. | ) | |

_____

Petitioner is a federal prisoner in custody in South Carolina at FCI Williamsburg. Petitioner was sentenced by the U.S. District Court of the Eastern District of Virginia in 2007. (ECF No. 1).  He is seeking habeas relief under § 2241 and proceeding in this action *pro se*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

**<u>STANDARD OF REVIEW</u>**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleadings pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996.  The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  The Petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction.  *Erickson v.*

*Pardus*, 551 U.S. 89, 94 (2007)(*per curiam*); *Cruz v. Beto*, 405 U.S. 319 (1972).  Even under this less stringent standard, the petition is subject to summary dismissal.

Furthermore, this court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts.  Following the required initial review, it is recommended that the Petition submitted in this case should be dismissed.

## DISCUSSION

Petitioner pleaded guilty in the Eastern District of Virginia on three counts: 1): 21 U.S.C. § 841(a)(1), (b)(1)(C), (b)(1)(A)(iii) and § 846, conspiracy to distribute cocaine hydrochloride, heroin, and cocaine base "crack"; 2) 18 U.S.C. § 924(c), § 924(j), 18 U.S.C § 2, 3591, 3592, use and carry of a firearm during a drug trafficking crime causing death of another, aiding and abetting, notice of special findings; and 3) 18 U.S.C. § 924(o) conspiracy to use and carry firearms. Petitioner argues that case law shows that his prior drug possession conviction is not a qualifying predicate conviction for a career offender guidelines enhancement; enhancement under guidelines 2A1.1 was illegal because Plaintiff was immune from information derived from himself under 1B1.8; and count 2 is multiplicious with count 3. (ECF No. 1).

The instant Petition, filed pursuant to 28 U.S.C. § 2241, is subject to summary dismissal because "it is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255."  *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997)).  Petitioner cannot challenge

his federal conviction and sentence under § 2241, unless he can satisfy the § 2255 savings clause, which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e); *see also Reyes–Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001); In other words, as applied here, Petitioner's § 2241 action is barred unless he can demonstrate that the relief available to him under § 2255 is inadequate or ineffective. However, "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." *See In re Vial*, 115 F.3d at 1194 n.5 (citations omitted).

Out of an abundance of caution, both the *Jones* test and *Wheeler* test will be addressed. Petitioner cannot meet either for the same reason; he has never filed a § 2255 as to the counts contested in this § 2241. Petitioner cites that he has a pending § 2255 as to a 922(g) conviction. (ECF No. 1 at 4). The § 2255 Petitioner cites to in his Petition importantly here is NOT for the convictions which he is contesting here; the § 2255 in 3:06-cr-264 is for a count of 922(g) for which he was sentenced to 96 months in February 2007, months before the counts at issue here. Petitioner's citation to this case and 2255 is of no assistance to him.

Petitioner fails to satisfy criteria set forth by the Fourth Circuit to determine whether a § 2255 motion would be inadequate or ineffective to test the legality of a prisoner's detention. In *In re Jones*, 226 F.3d 328 (4th Cir. 2000), the court held that a petitioner must show:

(1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Id.* at 333–34.

The Fourth Circuit established a test for when a petitioner may meet the savings clause under § 2255 when he contests his sentence, not only his conviction. *U.S. v. Wheeler*, 886 F.3d 415 (4th Cir. 2018). Section "2255 is inadequate and ineffective to test the legality of a sentence when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect." *Id.* at 429.

Consideration of this issue is appropriate under § 1915 review because the § 2255 savings clause is a jurisdictional requirement and subject matter jurisdiction may be raised *sua sponte*. In the past, the Fourth Circuit has held that if a petitioner cannot meet the savings clause requirements then the § 2241 petition "must be dismissed for lack of jurisdiction." *Rice*, 617 F.3d at 807. In *Wheeler*, the Fourth Circuit again held that "the savings clause is a jurisdictional provision." *Wheeler*, 886 F.3d at 423.

Petitioner cannot meet the second element of *Wheeler*, "subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review" or the second prong of *Jones,* "subsequent to

the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal." Petitioner cannot satisfy the second prong of *Wheeler* or *Jones* showing that settled substantive law changed after he filed his direct appeal and after his first 2255 motion because he has never filed a 2255 as to these counts. (ECF No. 1). To the extent Petitioner argues that his § 2255 remedy is inadequate or ineffective because his time to file a § 2255 motion has expired, this argument is without merit. The Fourth Circuit has unequivocally held that "§ 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision." *In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000); *In re Vial*, 115 F.3d at 1194 n.5 (finding that a procedural impediment to § 2255 relief, such as the statute of limitations or the rule against successive petitions, does not render § 2255 review "inadequate" or "ineffective"). Thus, Petitioner cannot meet the *Wheeler* test or the *Jones* test to show that § 2255 is inadequate or ineffective to test the legality of his sentence. *See Gomez-Vazquez v. Dobbs*, No. CV 5:20-169-HMH-KDW, 2020 WL 958456, at *2 (D.S.C. Feb. 5, 2020), *report and recommendation adopted sub* nom., 2020 WL 951081 (D.S.C. Feb. 27, 2020)(no objections filed below, appealed to Fourth Circuit on Mar. 20, 2020). Accordingly, Petitioner's § 2241 petition should be summarily dismissed.

## <u>RECOMMENDATION</u>

Accordingly, it is recommended that the Petition be dismissed without prejudice[1] and without requiring the respondent to file a return.

IT IS SO ORDERED.

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

November 9, 2021
Florence, South Carolina

**Petitioner's attention is directed to the important notice on the next page.**

---

[1] *See Platts v. O'Brien*, 691 Fed. Appx. 774 (4th Cir. June 22, 2017) (*citing S. Walk at Broadlands Homeowner's Ass'n v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013) ("A dismissal for … [a] defect in subject matter jurisdiction[ ] must be one without prejudice, because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits.").

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).