

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| LAMONT E. MCCORD, | § | |
| Petitioner, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:21-3285-MGL-TER |
| | § | |
| WARDEN FCI WILLIAMSBURG, | § | |
| Respondent. | § | |

**ORDER TRANSFERRING THIS CASE TO
THE SOUTHERN DISTRICT OF NEW YORK**

### I.  INTRODUCTION

Petitioner Lamont E. McCord (McCord) filed this 28 U.S.C. § 2241 petition against the Warden of FCI Williamsburg. He is self represented.

### II.  FACTUAL AND PROCEDURAL HISTORY

When McCord filed his Section 2241 petition, he was incarcerated at FCI Williamsburg, which is located in Salters, South Carolina. As such, FCI Williamsburg, as well as the Warden of FCI Williamsburg, are within this Court's jurisdiction.

McCord, however, has been moved from FCI Williamsburg and is now in Otisville FCI, located in Otisville, New York, which is a part of Orange County, New York. *See* https://www.bop.gov/inmateloc/ (last visited April 20, 2023). Otisville FCI and its warden are

within the jurisdiction of the United States District Court for the Southern District of New York (the S.D.N.Y.). *See* 28 U.S. Code § 112(b).

### III. DISCUSSION AND ANALYSIS

"The federal habeas statute straightforwardly provides . . . the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (quoting 28 U.S.C. § 2242). "The writ, or order to show cause shall be directed to the person having custody of the person detained." 28 U.S.C. § 2243.

"The consistent use of the definite article in reference to the custodian indicates . . . there is generally only one proper respondent to a given prisoner's habeas petition. This custodian, moreover, is 'the person' with the ability to produce the prisoner's body before the habeas court." *Rumsfeld*, 542 U.S. at 434–35 (quoting § 2242).

Ascertaining the proper respondent is critical because "[t]he writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 494–95 (1973). "The whole force of the writ is spent upon the respondent." *Id.* at 495 (citation omitted) (internal quotation marks omitted).

"District courts are limited to granting habeas relief 'within their respective jurisdictions.'" *Rumsfeld*, 542 U.S. at 442 (quoting 28 U.S.C. § 2241(a)). The Supreme Court has "interpreted this language to require 'nothing more than that the court issuing the writ have jurisdiction over the custodian.'" *Id.* (quoting *Braden*, 410 U.S. at 495). "[T]he custodian's absence from the territorial jurisdiction of the district court is fatal to habeas jurisdiction." *Id.* at 445.

From this law and these facts, we know the following: the Court has jurisdiction over McCord's Section 2241 habeas petition only if it has jurisdiction over his current custodian. But, it does not.

McCord's current custodian is the warden of Otisville FCI. S/he is located, not within this Court's jurisdiction, but instead within that of the S.D.N.Y.. Accordingly, McCord's custodian's absence from the territorial jurisdiction of this Court is fatal to its jurisdiction to consider the merits of his petition.

Besides, even if somehow this Court were to assess the petition and then grant the relief McCord seeks, the Warden of FCI Williamsburg lacks the ability to fulfill an order by this Court granting the petition. This is so because McCord is no longer in the Warden of FCI Williamsburg's custody. That is why McCord's Section 2241 petition must be transferred: so it can be presented to Otisville FCI's warden, McCord's immediate custodian, who is within the jurisdiction of the S.D.N.Y.

The Court notes, if it were to consider the merits of McCord's petition, it would likely dismiss it.

## IV.   CONCLUSION

Consequently, it is the judgment of the Court this case is **TRANSFERRED** to the S.D.N.Y. for further proceedings.

To the extent McCord requests a certificate of appealability from this Court, that certificate is **DENIED**.

**IT IS SO ORDERED**.

Signed this 20th day of April, 2022, in Columbia, South Carolina.

/s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within sixty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.