UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LAMONT E. McCORD,

                    Movant,

          -against-

WARDEN FCI WILLIAMSBURG,

                    Respondent.

23-CV-3407 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, United States District Judge:

Movant, who is currently incarcerated at F.C.I. Otisville, brings this *pro se* petition challenging the constitutionality of his conviction and sentence entered in *United States v. McCord*, No. 06-CR-0264 (JAG) (E.D. Va. Feb. 6, 2007).[1] For the reasons set forth below, the Court transfers this action to the United States Court of Appeals for the Fourth Circuit.

The proper jurisdictional basis for the relief Movant seeks is 28 U.S.C. § 2255, not 28 U.S.C. § 2241. Section 2255 "is generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence." *Jiminian v. Nash*, 245 F.3d 144, 146–47 (2d Cir. 2001). Movant has already challenged this conviction and sentence by filing a § 2255 motion. That motion was denied on the merits by the district court, and the appeal was dismissed for failure to prosecute. *United States v. McCord*, No. 20-CV-0421 (E.D. Va. Mar. 23, 2022), *appeal dismissed*, No. 22-6498 (4th Cir. June 30, 2022).

---

[1] Movant, who was incarcerated in FCI Williamsburg, located in Salters, South Carolina, filed this "Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241," in the United States District Court for the District of South Carolina, seeking to challenge his conviction in the United States District Court for the Eastern District of Virginia. *See McCord v. Warden FCI Williamsburg*, No. 4:21-CV-3285 (MGL) (TER) (D.S.C. Apr. 20, 2023). Because Movant was transferred to FCI Otisville, the District of South Carolina transferred the action to this court. *Id.*

An application is second or successive when a prior motion was adjudicated on the merits. *Corrao v. United States*, 152 F.3d 188, 191 (2d Cir. 1998). A court may recharacterize an application as a second or successive § 2255 motion without providing the movant an opportunity to withdraw the application. *Jiminian*, 245 F.3d at 148. Because Movant has already filed a § 2255 motion that was decided on the merits, this application is recharacterized as a second or successive § 2255 motion.

Before a movant may file a second or successive § 2255 motion in a district court, authorization from the appropriate court of appeals is required. 28 U.S.C. § 2244(b)(3)(A); 28 U.S.C. § 2255(h). Movant has not indicated that he received authorization from a court of appeals to file this motion. Therefore, Movant must request permission to pursue this motion from the United States Court of Appeals for the Fourth Circuit. Because second or successive motions should be transferred to the appropriate court of appeals, *Liriano v. United States*, 95 F.3d 119, 122–23 (2d Cir. 1996) (*per curiam*), in the interest of justice, the Court transfers this motion to the Court of Appeals for the Fourth Circuit.

## CONCLUSION

In the interest of justice, the Court transfers this second or successive § 2255 motion to the United States Court of Appeals for the Fourth Circuit under 28 U.S.C. § 1631. *Accord Liriano v. United States*, 95 F.3d 119, 122–23 (2d Cir. 1996) (*per curiam*) (holding that second or successive § 2255 motions should be transferred to the appropriate court of appeals). This order closes this action.

Because the motion makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

2

appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   April 25, 2023
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge