UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LAMONT E. McCORD,

                         Movant,

              -against-

WARDEN FCI WILLIAMSBURG,

                         Respondent.

23-CV-3407 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Movant, who was incarcerated in FCI Williamsburg, located in Salters, South Carolina, filed this "Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241," in the United States District Court for the District of South Carolina, seeking to challenge his conviction in the United States District Court for the Eastern District of Virginia. *See McCord v. Warden FCI Williamsburg*, No. 4:21-CV-3285 (MGL) (TER) (D.S.C. Apr. 20, 2023). Because Movant was subsequently transferred to FCI Otisville, where he is currently incarcerated, the District of South Carolina transferred the action to this court. *Id.*

On April 25, 2023, the Court determined that because Movant was challenging his conviction from the Eastern District of Virginia, that the submission must be construed as a motion under 28 U.S.C. § 2255. (ECF No. 29.) Movant had previously challenged his conviction and sentence under Section 2255 in the Eastern District of Virginia, and his claims were denied on the merits by that district court, and the appeal was dismissed for failure to prosecute. *United States v. McCord*, No. 20-CV-0421 (E.D. Va. Mar. 23, 2022), *appeal dismissed*, No. 22-6498 (4th Cir. June 30, 2022). The Court therefore recharacterized the Section 2241 submission as a motion under Section 2255 and transferred the action to the United States Court of Appeals for the Fourth Circuit, as a second and successive motion. (ECF No. 29.) On May 2, 2023, Movant filed

a motion challenging the April 25, 2023, transfer order. (ECF No. 30.) Because this Court no longer has jurisdiction of the action, Movant must challenge the transfer order in the Fourth Circuit. All other requests must also be made in the Fourth Circuit.

## DISCUSSION

The transfer of a case divests the transferor court of jurisdiction of the action. *Drabik v. Murphy*, 246 F.2d 408, 409 (2d Cir. 1957) (holding that district court did not have jurisdiction to rule on motion following physical transfer of case). The transferor court retains jurisdiction of the action only if the party seeking review acts to stay the transfer "prior to receipt of the action's papers by the clerk of the transferee court." *Warrick v. Gen. Electric Co.*, 40 F.3d 736, 739 (2d Cir. 1995).

The Court directed that this matter be transferred to the Fourth Circuit on April 25, 2023, and the Clerk of Court electronically transferred the case to that court on the same date. On May 2, 2023, approximately one week later, Movant filed his motion seeking reconsideration. Because this Court no longer has jurisdiction of the action, if Movant wishes to challenge the transfer, he must do so in the Fourth Circuit. Any other relief that Movant seeks must also be requested in the Fourth Circuit. The Court denies Movant's request for reconsideration of the order transferring this action.

## CONCLUSION

Movant's request for reconsideration (ECF No. 30) is denied. The Clerk of Court is directed not to accept any further submissions under this docket number except for papers directed to the United States Court of Appeals for the Second Circuit.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant

demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    May 4, 2023
            New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge
